1
2                          UNITED STATES DISTRICT COURT
3                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
4                                  OAKLAND DIVISION
5

6   AMERICAN SMALL BUSINESS LEAGUE,          Case No:  C 10-01459  SBA
7                     Plaintiff,
                                             **ORDER DENYING DEFENDANT'S**
8          vs.                               **MOTION TO DISMISS**
9   UNITED STATES SMALL BUSINESS             Dkt. 9
    ADMINISTRATION,
10
                      Defendant.
11

12          Plaintiff brings this action against Defendant, seeking an order compelling disclosure of

13   documents that Defendant allegedly withheld in violation of the Freedom of Information Act

14   ("FOIA").  The parties are presently before the Court on Defendant's Motion to Dismiss

15   pursuant to Federal Rule of Civil Procedure 12(b)(1).  Dkt. 9.  Having read and considered the

16   papers filed in connection with this matter and being fully informed, the Court hereby DENIES

17   the motion for the reasons set forth below.  The Court, in its discretion, finds this matter

18   suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

19   **I.      BACKGROUND**

20          **A.      FACTUAL BACKGROUND**

21          On April 29, 2009, pursuant to the FOIA, Plaintiff requested from Defendant records

22   consisting of "contracts or agreements between SBA [United States Small Business

23   Administration] and any firm engaged in public relations, public relations consulting, or

24   lobbying that was in effect during FY 2007."  Compl. ¶ 5.  On April 30, 2009, Defendant

25   acknowledged Plaintiff's request, and asked Plaintiff to provide more specific instructions in

26   order to narrow its request.  Id. ¶ 7; Ex. B.  On the same date, Plaintiff responded, indicating

27   that the request was directed to "documents that would indicate the names of the firms and

28   dollar amounts that were awarded to those firms, for the four largest SBA contracts with public

relations firms, public relations consultants or any firm engaging in media activities, particularly those services used by the Administrator or the SBA Press Office."  Id. Ex. B (emphasis added).  On May 6, 2009, Defendant provided Plaintiff with two redacted responsive records, stating:

> We have provided information on two firms … but have withheld some of the data based on Exemption 4 which "protects trade secrets and commercial or financial information obtained from a person and privileged or confidential (sic) the release of which could be competitively harmful to the submitter of the information; which could impair the government's ability to obtain similar necessary information in a purely voluntary manner in the future; and, which could affect other governmental interests, such as program effectiveness and compliance."

Id. Ex. C. (emphasis added).

On June 4, 2009, Plaintiff appealed Defendant's response to the SBA Freedom of Information/Privacy Acts Office.  In its appeal, Plaintiff quotes Defendant's May 6, 2009 response, and alleges that "[t]o date, [Plaintiff] ha[s] not received the information requested in [its] request …."  Id. Ex. D.  On July 14, 2009, the SBA denied Plaintiff's appeal, indicating that "it is our determination to uphold the initial disclosure decision …."  Id. Ex. E.

## B.    THE INSTANT ACTION

On April 6, 2010, Plaintiff filed the instant action, asserting that Defendant violated the FOIA by wrongfully withholding agency records.  Id. ¶¶ 11-13.  Plaintiff alleges that Defendant "did not explain why it was providing information on only two contracts, nor did it specifically identify what type of information it was withholding."  Id. ¶ 8.  In addition, Plaintiff quotes Defendant's May 6, 2009 response to its production request, alleging that Defendant "did not identify which of the quoted concerns it was relying on in citing Exemption 4 …."  Id.  Plaintiff seeks, inter alia, an "order compelling the SBA to disclose all responsive documents in their entirety."  Id. p. 4.

On May 21, 2010, Defendant filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting that the Court lacks subject matter jurisdiction because Plaintiff cannot demonstrate the existence of withheld records.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    <u>LEGAL STANDARDS</u>

### A.    RULE 12(B)(1)

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  The court is presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 342 n.3 (2006).  Consistent with these basic jurisdictional precepts, the Ninth Circuit has articulated the standard for surviving a motion to dismiss for lack of jurisdiction as follows:

> When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.  A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.

<u>Tosco Corp. v. Cmtys. for a Better Env't</u>, 236 F.3d 495, 499 (9th Cir. 2001) (citations and internal quotations omitted).

A Rule 12(b)(1) challenge to subject matter jurisdiction can be "facial," in which case the Court assumes the plaintiff's factual allegations to be true and draws all reasonable inferences in its favor.  <u>Doe v. See</u>, 557 F.3d 1066, 1073 (9th Cir. 2009); <u>Castaneda v. United States</u>, 546 F.3d 682, 684 n. 1 (9th Cir. 2008).  Or, the motion may be a "factual" or "speaking" motion, where the movant may submit materials outside the pleadings to support its motion.  In that case, "'[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'"  <u>Colwell v. Department of Health and Human Servs.</u>, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201 (9th Cir. 1989)).

**B.**     **J**URISDICTION **U**NDER THE **FOIA**

The FOIA confers jurisdiction on the district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." <u>U.S. Dept. of Justice v. Tax Analysts</u>, 492 U.S. 136, 142 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)). "[F]ederal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." <u>Id.</u> (internal quotation marks omitted). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." <u>Id.</u> "The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly' 'withheld.'" <u>Id.</u> at 142 n. 3.

**III.**   <u>**ANALYSIS**</u>

In its motion, Defendant asserts that it has produced all responsive records, and, as such, it has not "improperly withheld agency records."  Specially, Defendant has submitted the declaration of Patricia Cullum, who was assigned to search SBA records in response to Plaintiff's initial request.  Dkt. 10 ¶ 3.  Ms. Cullum states:

> SBA's records contain no other records responsive to [Plaintiff's] request.  The Released Contracts were the only SBA contracts with public relations firms, consultants, or any firm engaging in media activities in fiscal year 2007.  As such, beyond the Released Contracts already produced to [Plaintiff], no Agency records contain documents that would indicate the names of additional firms and dollar amounts described in [Plaintiff's] request.

<u>Id.</u> ¶ 8.  On that basis, Defendant alleges that Plaintiff's complaint should be dismissed for lack of jurisdiction.

In its opposition, Plaintiff indicates that it "has no reason to doubt" the assertion that "there were in fact only two responsive contracts."  Dkt. 13, Pl.'s Opp. 3 n. 1.  However, Plaintiff argues that jurisdiction lies in this Court because its Complaint also challenges the <u>redactions</u> Defendant made to the two produced documents.  In other words, Plaintiff argues that Defendant has "improperly withheld agency records" by redacting information from the produced documents.  Indeed, in its Complaint, Plaintiff quotes Defendant's May 6, 2009 response, which cites Exemption 4, and alleges that Defendant "did not identify which of the

1   quoted concerns it was relying on in citing Exemption 4 ….”  Compl. ¶ 8.  Moreover, Plaintiff

2   seeks by its Complaint an “order compelling the SBA to disclose all responsive documents <u>in</u>

3   <u>their entirety</u>.”  <u>Id</u>. p. 4 (emphasis added).  In view of those allegations, Plaintiff’s complaint

4   supports jurisdiction under section 552(a)(4)(B) of the FOIA.

5         In its reply, Defendant argues that Plaintiff, in its Complaint, only seeks production of

6   <u>withheld</u> documents and fails to challenge the redactions made to the produced documents.

7   Moreover, Defendant contends that Plaintiff never challenged the redactions in its

8   administrative appeal.  Therefore, Defendant argues, Plaintiff cannot now challenge the

9   redactions because the FOIA requires administrative exhaustion.  Defendant’s arguments are

10  without merit.  As indicated, Plaintiff’s Complaint sufficiently challenges the redactions by

11  alleging that Defendant did not explain what concerns it was relying on in citing Exemption 4.

12  Additionally, Plaintiff squarely placed the redaction issue before the agency in its appeal by

13  quoting Defendant’s May 6, 2009 response, in which Defendant explained that it had “provided

14  information on two firms … <u>but have withheld some of the data based on Exemption 4</u> ….”

15  Compl. Ex. D at 1 (emphasis added).

16  **IV.    <u>CONCLUSION</u>**

17        For the above stated reasons, Defendant’s Motion to Dismiss is DENIED.  This Order

18  terminates Dkt. 9.

19        IT IS SO ORDERED.

20  Dated: October_12, 2010                          _____

21                                                  SAUNDRA BROWN ARMSTRONG
                                                    United States District Judge

- 5 -